**Daniel DOVE, Plaintiff,**

v.

**PNS STORES, INC., dba Pic 'N' Save, a California Corporation, et al., Defendant.**

**No. 95–8640 RAP(Shx).**

United States District Court, C.D. California.

Sept. 9, 1997.

F. James Feffer, F. James Feffer Law Offices, Sherman Oaks, CA, for Plaintiff.

Gary Raymond Basham, Jackson Lewis Schnitzler & Krupman, San Francisco, CA, for Defendant.

## ORDER GRANTING DEFENDANT COLLINS'S MOTION FOR SUMMARY JUDGMENT

PAEZ, District Judge.

### I. INTRODUCTION

Pending before the Court is defendant David Collins' Motion for Summary Judgment regarding plaintiff's tenth cause of action for intentional infliction of emotional distress. Upon consideration of the parties' moving, opposition, reply papers, and the oral arguments of counsel, the Court finds that there are no material triable issues of fact, and that defendant is entitled to judgment as a matter of law. Accordingly, for the reasons set forth below, defendant's Motion for Summary Judgment is GRANTED.

### II. PROCEDURAL HISTORY

This action involves claims by plaintiff Daniel M. Dove against PNS Stores, Inc., dba Pic 'N' Save, and several of its employees, including David Collins ("Collins"), for

employment discrimination and related tort claims. In his original complaint, plaintiff alleged that in December of 1994, Pic 'N' Save employees harassed and discriminated against him because of his mental disability. Plaintiff contends that he complained about these incidents to Collins, the store manager, but Collins failed to investigate the alleged incidents. According to plaintiff, Collins' only response was to tell plaintiff that these incidents were "all in his head." Plaintiff also alleges that he overheard Collins say to another employee, "I wish Danny would quit."

On September 25, 1996, plaintiff filed his First Amended Complaint asserting five causes of action against Collins: defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, and two negligence claims. Subsequently, all claims except the claim for intentional infliction of emotional distress were dismissed either by the Court or by stipulation of the parties.[1] Defendant Collins now seeks summary judgment on plaintiff's claim for intentional infliction of emotional distress.

### III. Factual Background [2]

Plaintiff began working at a Pic 'N' Save store located in Van Nuys, California, in December 1988. Throughout his employment at Pic 'N' Save, plaintiff worked as a cashier and recovery clerk. Plaintiff's last day at work was June 18, 1995. Defendant Collins was the store manager of the Van Nuys store from November 1993 to June 1995, and supervised plaintiff.

While plaintiff worked at Pic 'N' Save, he and Collins had a cordial, if not friendly, relationship. On occasion, plaintiff would arrive at work early to visit with Collins. Also, on occasion, Collins told plaintiff that he was a good worker. During the time that Collins supervised plaintiff, he gave plaintiff fair performance reviews, and did not discipline plaintiff in any way.

In December of 1994, plaintiff complained to Collins about disparaging comments made about him by a fellow co-worker. Collins, after asking the employee about the incident, was told that this employee thought "it was all in his [plaintiff's] head," and Collins subsequently relayed that comment to plaintiff. Collins apparently accepted this employee's explanation and did not conduct any further investigation. In January of 1995, plaintiff also overheard Collins say to another employee, "I wish Danny would quit." This comment, was not directed at Collins but to another employee. Plaintiff was upset by these two statements, because he interpreted Collins' comments as an intention to force him to quit. Plaintiff did not present any evidence which indicated that prior to the incidents at issue, Collins said or did anything to plaintiff that upset him at work. On June 18, 1995, plaintiff quit his job.

Defendant assumes, for the purposes of this motion, that he made the statements alleged by plaintiff.[3] Based on the above facts, as presented by plaintiff, Collins contends that his conduct was not outrageous, and that he did not have the intent to cause plaintiff to suffer emotional distress. At the hearing on the motion, defendant's counsel emphasized that at the time of the events in question, Collins did not know the full extent of plaintiff's mental impairment. Collins does acknowledge, however, that he was aware of plaintiff's dyslexia. Collins' testimony at his deposition is consistent with these representations. At his deposition, Collins testified that throughout plaintiff's employment, he was only aware that plaintiff was a slow learner, which Collins attributed to plaintiff's learning disability (i.e. dyslexia). See Collins Depo. at 75.

Defendant contends that these undisputed facts, taken in the light most favorable to plaintiff, are insufficient to establish a prima facie case of intentional infliction of emotional

---

1. *See* Stipulation and Order Dismissing Eighth and Ninth causes of Action Against David Collins, February 27, 1997; Order Granting in Part and Denying in Part Defendant David Collins' Motion to Dismiss Plaintiff's First Amended Complaint for Damages, December 11, 1996; Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, September 4, 1996.

2. The factual background is taken from defendant Collins' statement of undisputed facts.

3. Collins would dispute these facts at trial. He assumes they are true only for purposes of his Motion for Summary Judgment.

distress, because they fail to show that defendant's conduct was outrageous or that he acted with the intent to cause emotional distress. Thus, defendant argues that he is entitled to judgment as a matter of law.

Plaintiff argues that whether defendant intended to harm him and whether Collins' conduct was outrageous turn on Collins' knowledge of plaintiff's diminished mental capabilities. In other words, plaintiff contends that defendant's knowledge of plaintiff's susceptibility to emotional distress is an issue for the jury, and therefore, defendant's Motion for Summary Judgment should be denied.

## IV. ANALYSIS

### A. *Summary Judgment Standard.*

Rule 56(c) of the Federal Rules of Civil Procedure provides for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment terminates the action without trial and is a "judgment 'on the merits.'" Judge William W. Schwarzer et al., Cal. Prac. Guide: Fed. Civ. Proc. Before Trial § 14:28 (The Rutter Group 1996) (hereinafter SCHWARZER). Not only is summary judgment not "disfavored," but it is "an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986).

In a trilogy of 1986 cases, the Supreme Court clarified the standard for summary judgment. *See Celotex Corp.,* 477 U.S. at 317, 106 S.Ct. at 2549; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industry Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. Whether a fact is material is determined by looking to the governing substantive law; if the fact may affect the outcome, it is material. *Id.* at 248,

106 S.Ct. at 2510. If the moving party seeks summary adjudication with respect to a claim or defense upon which it bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out the absence of evidence from the non-moving party. The moving party need not disprove the other party's case. *See Celotex,* 477 U.S. at 325, 106 S.Ct. at 2553–54; *see also* Schwarzer, Cal. Prac. Guide: Fed. Civ. Proc. Before Trial § 14: 123–141.

When the moving party meets its burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

In assessing whether the non-moving party has raised a genuine issue, its evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513–14 (citing *Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). Nonetheless, "the mere existence of a scintilla of evidence" is insufficient. *Id.* at 252, 106 S.Ct. at 2512. As the Court explained in *Matsushita,* 475 U.S. at 586–87, 106 S.Ct. at 1356:

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."

The rules of evidence generally govern the admissibility of facts. *See* Schwarzer, Cal. Prac. Guide: Fed. Civ. Proc. Before Trial § 14:160 (citing *Hal Roach Studios, Inc. v. Feiner & Co., Inc.,* 896 F.2d 1542, 1555 (9th Cir.1990)). Rule 56(e) requires that declarations or affidavits submitted in support of or in opposition to a summary judgment motion "be based on personal knowledge; state 'facts as would be admissible in evidence' ...; and 'show affirmatively that the affiant is competent to testify to the matters stated therein[.]'" *Id., § 14:162.* Declarations on

information and belief are insufficient. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).

## B. *Intentional Infliction of Emotional Distress.*

### 1. *Standard*

■ Under California law, a prima facie case of intentional infliction of emotional distress requires the following: (1) extreme and outrageous conduct by the defendant; (2) with the intention of causing, or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by defendant's outrageous conduct. *See Christensen v. Superior Court*, 54 Cal.3d 868, 903, 2 Cal.Rptr.2d 79, 820 P.2d 181 (1991); *see also Sabow v. United States*, 93 F.3d 1445, 1454 (9th Cir.1996). Only the first two elements are at issue in this case.

#### (a) *Outrageous Conduct*

■ Conduct, to be outrageous, must be so extreme as to exceed all bounds of that usually tolerated in a civilized society. *King v. AC & R Advertising*, 65 F.3d 764, 769 (9th Cir.1995) (age-related comments made by defendant, while offensive and perhaps discriminatory, were "not so egregiously outside realm of civilized conduct to give rise to actionable infliction of mental distress") (quoting *Schneider v. TRW, Inc.*, 938 F.2d 986, 992 (9th Cir.1991) (internal quotation omitted) (affirming summary judgment noting that incidents in which supervisor screamed and made threatening gestures while criticizing employee, did not amount to outrageous conduct, although rude and insensitive)).[4] Summary judgment is proper if an intentional infliction of emotional distress claim cannot "reasonably be regarded as so extreme and outrageous as to permit recovery." *See Schneider*, 938 F.2d at 992 (quoting *Trerice v. Blue Cross of California*, 209 Cal.App.3d 878, 883, 257 Cal.Rptr. 338 (1989) (citations omitted)).

■ Ordinarily mere insulting language, without more, does not constitute outrageous conduct. *See Schneider*, 938 F.2d at 992 (quoting *Cole v. Fair Oaks Fire Protection District*, 43 Cal.3d 148, 155 n. 7, 233 Cal. Rptr. 308, 729 P.2d 743 (1987)). The Restatement view is that liability "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities . . . ." Rest.2d Torts, § 46, com. d. The court in *Cole*, however, recognized that plaintiff's susceptibility to mental distress may be relevant in determining whether defendant's conduct was outrageous. *Cole*, 43 Cal.3d at 155 n. 7, 233 Cal.Rptr. 308, 729 P.2d 743 (citing Prosser, Law of Torts (4th ed.1971), at 57–58). In *Cole*, however, the plaintiff's susceptibility to mental distress was not directly at issue; the court simply noted this consideration in a footnote, while citing to several cases which took into account similar considerations. *See, e.g. Fletcher v. Western Nat'l Life Insurance Co.*, 10 Cal.App.3d 376, 397, 89 Cal.Rptr. 78 (4th Dist.1970); *Alcorn v. Anbro Engineering, Inc.*, 2 Cal.3d 493, 498–499 & n. 5, 86 Cal.Rptr. 88, 468 P.2d 216 (1970).

In *Alcorn*, for example, the court expressly mentioned that the plaintiff's susceptibility to mental distress and the defendant's conduct, could be sufficient to support a claim for intentional infliction of emotional distress, despite the fact that mere insulting words do not normally constitute outrageous conduct. *Alcorn*, 2 Cal.3d at 499, 86 Cal.Rptr. 88, 468 P.2d 216. The employer-defendant in *Alcorn* shouted extreme racial epithets at the plaintiff, intentionally humiliated plaintiff, ignored plaintiff's union status, and terminated plaintiff's employment, without just cause or provocation. *Id.* The court recognized that the plaintiff, an African–American, could be particularly susceptible to severe emotional distress from discriminatory conduct, especially in light of the aggravated circumstances alleged by plaintiff. *Id.* at 499 & n. 3, 86 Cal.Rptr. 88, 468 P.2d 216. In light of these particularly offensive circumstances, the

---

**4.** *See also Trerice*, 209 Cal.App.3d 878, 883, 257 Cal.Rptr. 338 (1989) (replacing plaintiff's termination package with one less favorable and requiring her to perform menial tasks held not outrageous as matter of law) *Yurick v. Superior Court*, 209 Cal.App.3d 1116, 1129, 257 Cal.Rptr. 665 (1989) (supervisor's telling plaintiff in presence of others that anyone over 40 was senile and that plaintiff was senile and a liar held not outrageous as matter of law).

court noted that "[w]here reasonable men may differ, it is for the jury, subject to the control of the court, to determine whether, in the particular case, the conduct has been sufficiently extreme and outrageous to result in liability." *Id.* Although the *Alcorn* court recognized that the plaintiff's susceptibility to emotional distress and the defendant's awareness of such susceptibility, were factors in assessing whether the defendant's conduct was outrageous, such factors must be considered in light of all the circumstances surrounding the defendant's offensive conduct. *Alcorn,* 2 Cal.3d at 499, 86 Cal.Rptr. 88, 468 P.2d 216.[5]

#### (b) *Intentional Conduct*

■ Not only must the plaintiff establish that defendant's conduct was outrageous, the plaintiff must also establish that the defendant intended to cause or acted with a reckless disregard of the probability of causing emotional distress. *See Miller v. Nat'l Broadcasting Co.,* 187 Cal.App.3d 1463, 1487, 232 Cal.Rptr. 668 (1986) (holding that defendant's unauthorized broadcast of sensitive, private matters was sufficient showing of reckless disregard). It is not enough to simply allege inaction on the part of the defendant. *See Spackman v. Good,* 245 Cal. App.2d 518, 530, 54 Cal.Rptr. 78 (1966). The defendant must act either with the intent to inflict injury or with the realization that injury will result. *See Id.* Where there is no intent to inflict emotional distress, the defendant is entitled to judgment. *See Moore v. Greene,* 431 F.2d 584, 590 n. 3 (9th Cir.1970).

■ The defendant's outrageous conduct must also be directed at the plaintiff or occur in the presence of the plaintiff of whom defendant is aware. *See Sabow,* 93 F.3d at 1454 (citing *Christensen v. Superior Court,* 54 Cal.3d 868, 903, 2 Cal.Rptr.2d 79, 820 P.2d 181 (1991)); *see also Smith v. Pust,* 19 Cal.

App.4th 263, 274, 23 Cal.Rptr.2d 364 (1993) (defendant's conduct was "accidental" and was in no way "directed" at plaintiff) (citing *Christensen,* 54 Cal.3d at 903, 2 Cal.Rptr.2d 79, 820 P.2d 181); *Kruse v. Bank of America,* 202 Cal.App.3d 38, 67–68 & n. 21, 248 Cal. Rptr. 217 (1988) ("heartless and insensitive remarks" not directly communicated to plaintiff "merit opprobrium [but] do not qualify as the kind of 'outrageous' conduct necessary to support an action for intentional infliction of emotional distress").

#### 2. *Application.*

■ As explained above, since plaintiff bears the burden of proving a prima facie case of intentional infliction of emotional distress, defendant can seek summary judgment by pointing out the absence of evidence to support plaintiff's claim. *See Celotex,* 477 U.S. at 325, 106 S.Ct. at 2553–54; *see also* Schwarzer, Cal. Prac. Guide: Fed. Civ. Proc. Before Trial § 14:123–141. The plaintiff then must set forth specific facts showing that there is a genuine issue for trial. Fed. R.Civ.P. 56(e). Here, plaintiff does not establish a prima facie case against Collins for intentional infliction of emotional distress, and does not set forth facts showing that there is a genuine issue for trial.[6]

First, defendant's conduct in making the alleged offensive statements was not outrageous. Plaintiff claims that Collins made two statements: "it was all in your head" and "I wish Danny would quit." As the above cases suggest, these statements and the alleged related conduct were not so extreme "as to exceed all bounds of that usually tolerated in a civilized society." *King,* 65 F.3d at 769 (quoting *Schneider,* 938 F.2d at 992). Although defendant's conduct may have been offensive and insensitive, it was not any more offensive than conduct that the Ninth Circuit

---

**5.** Plaintiff also cites BAJI California Jury Instructions, Nos. 12.76 & 12.77, which indicate that the extreme and outrageous character of the defendant's conduct may arise from the defendant's knowledge that a plaintiff is peculiarly susceptible to emotional distress by reason of some physical or mental condition or peculiarity, and the defendant acts in the face of such knowledge. While courts are not bound by BAJI instructions, courts have recognized that they can be highly persuasive. *See Masson v. New Yorker Magazine,*

832 F.Supp. 1350, 1361, *aff'd,* 85 F.3d 1394 (9th Cir.1996).

**6.** Since plaintiff fails to establish a prima facie case for intentional infliction of emotional distress, the Court need not address the other arguments advanced by defendant regarding whether plaintiff's claim is preempted by the California's Worker's Compensation Act, and whether plaintiff's claim is barred by the managerial privilege doctrine.

and California courts have found nonactionable in rejecting intentional infliction of emotional distress claims. In *King*, for example, the Ninth Circuit found that age-related comments made by the defendant, while offensive and perhaps discriminatory, were "not so egregiously outside the realm of civilized conduct to give rise to actionable infliction of mental distress." *See King*, 65 F.3d at 770.[7] Similarly in *Schneider*, the court affirmed summary judgment and found that a supervisor's conduct in rudely and insensitively screaming and making threatening gestures while criticizing the plaintiff did not amount to outrageous conduct. *Schneider*, 938 F.2d 986.[8]

Plaintiff concedes that without more, Collins' statements do not amount to outrageous conduct. Nonetheless, plaintiff argues that Collins' statements amount to outrageous conduct given plaintiff's mental impairment and susceptibility to emotional harm and defendant's knowledge of such susceptibility.

The evidence presented by plaintiff regarding Collins' knowledge of plaintiff's susceptibility to emotional harm was limited. At best, the evidence shows that Collins was sensitive to the fact that Dove was a slow learner. (*See, e.g.* Collins Dep. at 75.) Indeed, as defendant Collins noted at the hearing on the motion, the evidence does not show that Collins was aware of the nature or extent of plaintiff's mental impairment, or of his particular susceptibility to emotional distress. As the record indicates, Collins was aware that plaintiff was dyslexic and a slow learner—a representation that went unquestioned by plaintiff. No reasonable jury could conclude that Collins was aware of the nature and extent of Dove's mental impairment or of his susceptibility to emotional distress.

■ Second, even if the Court were to assume that defendant's statements and conduct were outrageous in light of plaintiff's mental impairment, the evidence before the Court fails to demonstrate that Collins intended to inflict emotional harm upon plaintiff. At most plaintiff claims that he "interpreted" Collins' statements as an intention to prompt plaintiff to quit; that he was in fact harmed by Collins' statement; and that defendant's knowledge of plaintiff's limited capabilities should have been sufficient for Collins to be aware that his statements would cause plaintiff emotional harm. Yet, defendant's awareness of plaintiff's susceptibility to emotional distress is insufficient to prove intent. Plaintiff must also show that Collins acted with the purpose of causing plaintiff to suffer emotional distress. *See Alcorn*, 2 Cal.3d at 498, 86 Cal.Rptr. 88, 468 P.2d 216; *see also Cole*, 43 Cal.3d at 155 n. 7, 233 Cal.Rptr. 308, 729 P.2d 743. Moreover, reckless conduct requires knowledge of a high degree of probability that emotional distress would result, as well as deliberate disregard of that probability. *See Miller*, 187 Cal. App.3d at 1487, 232 Cal.Rptr. 668.

Plaintiff must present more than a scintilla of evidence that Collins was aware of the nature and extent of Dove's disability, and that he acted with the intent or deliberate disregard of the harm his conduct might cause plaintiff in light of such awareness. *See Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512; *see also Matsushita*, 475 U.S. at 586–87, 106 S.Ct. at 1355–56. Here, the conduct at issue involves only two statements made by Collins. The first statement, "it was all in your head", was made by Collins in the course of investigating plaintiff's complaint about a co-worker. The second statement, "I wish Danny would quit", was not directed at plaintiff, nor did Collins make it with the knowledge that plaintiff could hear it. Instead, plaintiff overheard this statement while he was working nearby. While Collins may have been thoughtless or insensitive, no reasonable jury could conclude that Collins made these statements with the intent of

---

7. In *King*, the defendant allegedly stated at a management meeting, "You'll be seeing a lot less gray around here", and also allegedly called his employees "over the hill" and "long in the tooth," along with numerous other age-related comments. *King*, 65 F.3d at 769.

8. *See also Trerice*, 209 Cal.App.3d at 883, 257 Cal.Rptr. 338 (replacing plaintiff's termination

package with one less favorable and requiring her to perform menial tasks held not outrageous conduct as matter of law); *Yurick*, 209 Cal. App.3d at 1129, 257 Cal.Rptr. 665 (supervisor telling plaintiff in presence of others that anyone over 40 was senile and that plaintiff was senile and a liar held not outrageous conduct as matter of law).

causing emotional distress, or that Collins acted with a reckless disregard of the probability of causing plaintiff emotional harm.

Even if the Court were to look beyond the statements made by Collins, and take into account Collins' alleged failure to further investigate plaintiff's complaint as a discriminatory failure to curb harassment against plaintiff, no reasonable jury could conclude that Collins' failure to conduct a more thorough investigation was done with the deliberate disregard of the possible harm it might cause plaintiff. Indeed, plaintiff only complained to Collins once about one particular employee's allegedly disparaging comments. Collins responded by questioning that employee about her comments and was told that plaintiff's complaint was "all in his head." Aside from this one complaint, however, there is no evidence that Collins was aware of continuing harassment of plaintiff by fellow employees.

### V. Conclusion

Plaintiff has failed to establish a prima facie case for intentional infliction of emotional distress. No reasonable trier of fact could find that defendant's comments were outrageous, or that defendant acted with the intent of causing emotional harm. Defendant has, therefore, met his burden of proving that there are no material triable issues of fact, and that he is entitled to judgment as a matter of law. Accordingly, Defendant's Motion for Summary Judgment is GRANTED. Judgment in favor of Collins shall not be entered until plaintiff's claims against the remaining defendants have been resolved.

IT IS SO ORDERED.